Newport Hospital, et al.
vs.
Charles S. Ritchie, et als.

Equity No. 2259.

September 9, 1931.

CHURCHILL, J.   Heard on motion of the Attorney General to amend his answer and on final decree.

The Attorney General moved to amend the answer, filed by his predecessor in office, after the cause had been heard on bill, answers, replications and proof, and after the decision and rescript of the Superior Court had been filed.

In brief, the proposed amendments to the answer of the Attorney General attack the title of the land leased by the Newport Hospital to Voight and set up the claim that an easement in behalf of the public exists over the entire beach.   No facts other than those relied on by the Town of Middletown or by the individual respondents in respect to the title, or to the public easement claimed, are set up.   A part of the matters relied on are matters of public record and were equally accessible to all of the parties respondent prior to the time of the hearing.

Insofar as facts not of record are involved in the proposed amendments, no reason can be perceived why such facts, accessible to the Town of Middletown and the other respondents, were not equally accessible to the Attorney General, or at least why amendments embodying such allegations of fact could not have been offered during the hearing or at least at the close of the hearings. An Assistant Attorney General was present at the hearings, participated therein, and in the final argument.

The obvious purpose of the amendments offered, insofar as such amendments relate to the title of the Newport Hospital, is to open the way for an attack on the title by one who was not a party to the case of *Town of*

*Middletown* vs. *Newport Hospital*, 16 R. I. 319.

In his original answer the Attorney General did not question the validity of the title of the Newport Hospital. The amendments insofar as the Attorney General is concerned make a new case in respect to the title and to the claim of public easement, and therefore come within the rule laid down in *National Bank of Commerce* vs. *Smith*, 17 R. I. 244 at 263.

In any event the motion comes too late.   A party can not, with all the facts accessible, before the hearing or at least with the facts disclosed during the hearing, stand by and delay his motion to amend until after the decision of the Court and then move to amend his answer.

The rule of reasonable diligence has not been satisfied in this case.

The motion to amend is denied.

One of the matters left open by the rescript of the Court for further argument related to the question of ways onto the beach for the use of the inhabitants of the Town of Middletown. The bond on which depends the rights of the inhabitants provides that the inhabitants of the Town of Middletown "shall have full and free liberty of going to and from the said beach or 'Commonage', or any part thereof, without molestation, either on horseback or foot, likewise with carts and teems of oxen or horses to fetch and carry away from the said beach or 'Commonage' sand, seaweed, and shells, and all such drift stuff as any of the inhabitants aforesaid shall take up on the surff, or under high water mark against said 'Commonage' or beach, and that they shall have the liberty to lay seaweed and shells in heaps on any part of the said 'Commonage' and to carry off the same as it suits their convenience".

The complainants in their draft decree presented to the Court have provided for the full exercise of these privileges; have provided that the

leased property may be fenced, but that the complainants shall provide until further order of the Court entrances and exits for the inhabitants of the Town of Middletown.

An inspection of the plot to be annexed to the decree whereon these entrances and exits are shown, taken together with the evidence in the case relating to the use of the beach by the inhabitants, demonstrates that all the reasonable needs of the inhabitants in the exercise of their privileges are subserved. In point of fact, the inhabitants are given the use of the ways which the evidence on their behalf showed they were accustomed to use in the past. No evidence was presented that the entrances and exits proposed are not fully adequate and convenient for their needs.

The respondents urge that the inhabitants can enter the beach at any place whatsoever and that the Hospital, or its lessee, have no right to erect any fences or barriers at any point on the beach.

Such a contention can not be upheld.

The evidence shows that the beach has now great value for amusement purposes and that the lessee Voight leased it for such purposes. To forbid the Hospital or its lessee to fence the beach would be to effect a confiscation of a great part of its value. To erect a fence with the entrances and exits as proposed would not unreasonably obstruct the inhabitants in the exercise of their rights under the bond.

*Griffin* vs. *Gilchrist*, 29 R. I. 200; - *Chenevert* vs. *Larame*, 42 R. I. 426.

The rescript filed in this cause left open for further argument the remedies available to the complainants to enforce their rights in the land in question and on the foreshore. The draft in various paragraphs provides for injunctive relief against the "people of the State", "the public generally" and "the general public".

That the decree must conform to the pleadings and that injunctive relief is a remedy which operates in personam are fundamental concepts in equity procedure.

*Hutchinson Coal & Coke Co.* vs. *Mitchell*, 245 U. S. 229,

38 *Sup. Ct. Rep.* 65.

The bill filed in this case ran against certain named respondents and relief was sought against them alone. They were the members of the Town Council of Middletown and the Chief of Police and Constables in the Town of Middletown.

The Attorney General was made a party on his own motion. He filed an answer and prayed for cross-relief. He was acting primarily for the State of Rhode Island, which he asserted was interested in the controversy. It is also true that he asserted certain rights of the general public in the premises, but it can not be said that his appearance bound the members of the public to such an extent as to make individual members of the public answerable for a violation of a decree in this case.

The remedy open to the complainants in the situation which exists in this case under the pleadings lies in the other provisions of the draft decree presented, particularly the remedies afforded by paragraphs Nos. 9, 10, 11 and 12.

The same is true in regard to the provisions giving injunctive relief against the inhabitants of the Town of Middletown. The Town of Middletown on its own motion was made a party to the bill, filed an answer and a cross-bill, and asserted various rights in its own behalf and on behalf of the inhabitants of the Town. None of the inhabitants were made parties as representing a class, and, as in the case of the Attorney General and his representation of the general public, it can not, consonant with the theory of injunctive relief, be said that the Town of Middletown represented

the inhabitants of the Town of Middletown to such an extent as to make them answerable for violations of a decree.

The answers and cross-bills of the Attorney General and the Town of Middletown raised various questions in respect to public rights in the premises and, hence, certain declaratory provisions in the decree are properly included.

The decree in various paragraphs declares that the public have no right to use the foreshore for bathing purposes.

The. question of the right of the public to use the foreshore for bathing purposes unconnected with the practice of the public, as shown by the evidence of parking cars on the foreshore for such a purpose, was not raised by the bill. In paragraph No. 9 of the bill it is alleged that "the public * * * have no right * * * to stop and park automobiles thereon", but no complaint was made in respect to bathing on the foreshore.

The answer of the individual respondents and of the Town of Middletown, which adopted such answer to this paragraph, simply set forth the right to use the foreshore for other purposes than passage, navigation and fishery.

The Attorney General in his answer to this paragraph of the bill said: "He admits that the title to said shore is vested in the State of Rhode Island in trust for the public for passage, navigation and fishing, but avers that it is vested in said State for other purposes also, but just what other he is unable at the present time to state".

So much for the pleadings.

There was no substantial testimony that the bathing on the beach, disconnected with the use of automobiles for temporary bath-houses, was of such a character as to constitute a nuisance or any obstruction to the right of access to the littoral owner.

The specific ruling made in the former rescript of this Court covered only the matter of parking automobiles on the foreshore. (Rescript, p. 37.)

The same holds true of the provisions in the proposed decree relative to picnicking and camping. These matters were not specifically raised by the pleadings and there was no substantial evidence that the complainants' rights of access have been interfered with by such means or that there was any reasonable ground to believe that they would be so interfered with.

Certain provisions of the draft decree in relation to the use of the foreshore and its regulation by the complainants is open to objection. In the absence of statute or a determinative ruling of the Supreme Court, this Court could not enter a decree which would give the littoral owner a right to charge a fee for the use of the foreshore, or the right as given by the proposed decree to regulate and control the use of the foreshore by the public. The easement of the littoral owner is an easement of access only, and in the proper case the right to wharf out to an established harbor line.

The proposed decree broadens the right of access by allowing the littoral owner to collect charges for the use of the foreshore by bathers and to control and regulate the use of the foreshore by persons using it. This widens the character of the easement of the littoral owner beyond what it is now defined by law to be. Such owner can, however, prevent such an obstruction to its easement created by parking automobiles. He can regulate to that extent the use of the foreshore, and that portion of the decree which restrains the Town Council and the Police of the Town of Middletown from interfering with the complainants in this exercise of their rights is approved.

By paragraph No. 12 the complainants, among other things, are given the

right "to build and maintain as a means of access to the sea, docks, wharves and piers". Inasmuch as the bill contains no prayer for the exercise of such right and the same was not litigated in the case before the Court, it is improper in the decree.

The other provisions of the decree are unobjectionable.

A decree conforming to the rulings of the Court in this rescript may be entered.

For complainants: Sheffield & Harvey.

For respondents: John C. Burke and William W. Moss.